

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2002

# Aikens v. Dragovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-1917

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Aikens v. Dragovich" (2002). *2002 Decisions*. Paper 446.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/446

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-1917


JOHN AIKENS,
                          Appellant
          v.

   MARTIN L. DRAGOVICH; THE DISTRICT ATTORNEY
OF PHILADELPHIA COUNTY; THE ATTORNEY GENERAL
       OF THE STATE OF PENNSYLVANIA

              _____


   APPEAL FROM THE UNITED STATES DISTRICT COURT
    FOR THE EASTERN DISTRICT OF PENNSYLVANIA
          (D.C. Civ. No. 99-CV-06064)
   District Judge:   Honorable Robert F. Kelly

              _____


   Submitted Under Third Circuit L.A.R. 34.1(a)
               July 16, 2002
   Before: McKEE, WEIS and DUH1,* Circuit Judges.
          Filed    July 25, 2002


              _____


               OPINION


_____


        *Honorable John M. Duh , Jr., United States Circuit Judge for the Fifth
Circuit Court of Appeals, sitting by designation.


WEIS, Circuit Judge.
        Petitioner John Aikens was convicted of first degree murder in a non-jury
trial in state court.  He was sentenced to life imprisonment on that count and two
concurrent sentences on other charges.  He took a direct appeal to the Pennsylvania
Superior Court, which affirmed.  He did not request allocator to the Pennsylvania
Supreme Court.
        Aiken's petition for state post-conviction relief was denied by the Common
Pleas Court.  The Superior Court affirmed and the Pennsylvania Supreme Court denied
further review.
        Aikens then began a section 2254 proceeding in the United States District
Court for the Eastern District of Pennsylvania.  Without holding a hearing, the District
Court denied the writ and declined to issue a certificate of appealability.  A panel of this
Court, however, certified the following three issues:

                1.    Whether Aikens' statement to police should have been suppressed;

                2.    Whether evidence at trial was sufficient to support a conviction

                3.    Whether the Pennsylvania Supreme Court's order of May 9, 2000,
          waiving exhaustion of remedies as to application to that court

applies retroactively to
Aiken's failure to apply for allocator.

We will affirm the Order of the District Court.

Aikens was convicted on eyewitness testimony that he bludgeoned a member of a rival gang to death with a metal pipe as the victim lay helpless on the ground. Some four hours after being arrested at the scene, Aikens confessed to police officers and signed a statement.

Aikens argued during the state court proceedings that he was intoxicated when he gave the incriminating statement and, therefore, it should have been suppressed. The trial judge twice rejected that contention, both at trial and after an evidentiary hearing during the PCRA proceedings. The Superior Court affirmed on the two occasions when the issue was presented to it.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts owe substantial deference to a state court's factual findings resulting from an evidentiary hearing. Werts v. Vaughn, 228 F.3d 178, 195-96 (3d Cir. 2000); Meyers v. Gillis, 142 F.3d 664, 667 (3d Cir. 1998). The District Court rejected Aiken's intoxication challenge to his confession, and Aikens has failed to introduce any evidence that would permit us to overturn the state court's factual determination or the District Court's ruling on that issue.

Nor has he persuaded us that there was insufficient evidence to sustain the conviction in this case. Eyewitnesses testified at trial that two rival gangs from Philadelphia had a verbal confrontation at about 8:00 p.m. on March 6, 1993. After several hours of intermittent incidents, Aikens challenged a member of the other gang to a fight. Armed first with a long knife, and later with a length of pipe, Aikens chased the victim, who tripped and fell. Aikens then beat the prostrate youth over the head with the pipe, causing his death. We find no error in the state court's appraisal of the evidence as the basis for the conviction.

After the adverse action of the Superior Court in his direct appeal, Aikens did not ask the state supreme court to review either his contention that his confession should be suppressed or his challenge to the sufficiency of the evidence. The District Court concluded that Aikens had not exhausted his state remedies because of that failure.

On May 9, 2000, the Pennsylvania Supreme Court, relying on O'Sullivan v. Boerckel, 526 U.S. 838 (1999), issued Order 218. This Order provides that a convict need not apply to the state Supreme Court for review of an adverse decision of the Superior Court in order to "exhaust" his state remedies in the event of a federal habeas action.

After the appeal in this case was filed, we held in Wenger v. Frank, 266 F.3d 218 (3d Cir. 2001), that Order 218 was not retroactive and did not apply to defaults that occurred before the effective date of the Order. Because Aikens' failure to apply to the Pennsylvania Supreme Court occurred in 1995, Order 218 does not benefit him.

Finding no error in the District Court's Order, we will affirm.

_____

TO THE CLERK:


Please file the foregoing Opinion.




                                        /s/ Joseph F. Weis
                                United States Circuit Judge